COLE NURSERY CO. v. YOUDATH PERENNIAL GARDENS, Inc., et al.

No. 5233.

District Court, N. D. Ohio, E. D.

May 13, 1936.

160

John F. Robb (of Robb & Robb), of Cleveland, Ohio, and Charles P. Baker (of Baker & Clipp), of Painesville, Ohio, for plaintiff.

T. R. Spilka, of Cleveland, Ohio, for defendants.

JONES, District Judge.

The suit is one for infringement, injunction, and accounting for damages and profits in respect of Plant letters patent, No. 110, issued to Horvath and assigned to the plaintiff. Invalidity and noninfringement are the main defenses to the bill. Defendant also asserts failure to prove corporate capacity of the plaintiff and failure to prove assignment, both of which are denied by answer; but the primary questions upon which the controversy turns are prior public use and infringement.

"Berberis Thunbergi Pluriflora Erecta" is the botanical name of the patented plant made the subject of Plant patent No. 110, granted to Horvath on October 23, 1934, on an application filed July 19, 1934. For the purpose of decision, it will be assumed that such a patent is authorized by Rev. St. §§ 4886, 4884, as amended by Act May 23, 1930, § 1 (title 35, sections 31 and 40, United States Code [35 U.S.C.A. §§ 31, 40]). But if the facts reveal that the plant was introduced to the public prior to May 23, 1930, there is no occasion for further consideration of the validity of the patent. See title 35, § 32a. Nor is there necessity for such consideration unless the proof shows that the plant was not in use for more than two years prior to the application of July, 1934.

Horvath, the inventor and assignor of the plaintiff, testified that he began developing the upright barberry in 1910, when he discovered that one of a great number of Japanese barberry plants had peculiar upright growing characteristics; that by a process of selection and genetics through five generations of seedling planting and growth, he finally assexually produced in the winter of 1923–24 a new barberry having novel features not known before, and which could not be duplicated save from cuttings of his plants thus produced. The charge is that the defendants obtained their plants from cuttings of the plaintiff's, because that constitutes assexual reproduction, and in no other way could the alleged infringing plants have been produced.

From a consideration of all of the evidence upon that subject, I feel unable to say that it would be impossible to reproduce or duplicate substantially the character of plant of the plaintiff without cuttings from the Horvath plants. Conceding that the plants of the plaintiff and of the defendants have similar characteristics, the proof is not clear and convincing that the plaintiff must have appropriated plants or cuttings belonging to Horvath or his assignee.

The use of nature and knowledge of propagation of plant life seem to me to have been the forces behind the development of the upright variety of barberry. I am not prepared to accord invention to the result produced by such uses in respect of the upright barberry; but if it were otherwise, the fact of the knowledge and existence of the plant prior to the amendment of May, 1930, and its prior public use, would fatally impair its validity.

The transaction of August 12, 1931, whereby one Endress transferred to the plaintiff some eight thousand erect barberry plants which had been in his possession since 1929, gives much support to the defendants' claim of fatal public use; the date of the transaction being more than two years prior to the application of Horvath and prior to the approval of the amendment in respect of the plant patents.

There is evidence that Horvath had fully developed his plant as early as 1924, and from the other evidence I am persuaded that the plant was introduced to the public prior to May 23, 1930.

Nor can one ignore the disinterested evidence of Woolworth employees as to sales of upright barberry plants by them in the springs of 1932 and 1933.

Upon due consideration of the issues, and in view of the existence and public use of characteristic upright barberry prior to the approval of the Act of May 23, 1930, and of the other considerations mentioned, judgment may be entered for the defendants, and bill dismissed.

Findings and conclusions may be submitted for consideration and adoption.